**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

URIYAH REED,                                              )
                                                         )
          Plaintiff,                                     )
                                                         )
     vs.                                                 )          Case No. 4:23-CV-788 MTS
                                                         )
UNKNOWN BADGER, et al.,                                  )
                                                         )
          Defendants.                                    )

**ORDER OF TRANSFER**

This matter is before the Court on the motion of plaintiff Uriyah Reed, civil detainee currently housed at the Metropolitan St. Louis Psychiatric Center, for leave to commence this civil action without prepayment of the required filing fee. Doc. [2]. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee. Additionally, for the reasons discussed below, the Court will transfer this action to the United States District Court for the Eastern District of Texas, Tyler Division.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a copy of his account transactions from the Department of Mental Health St. Louis Forensic Treatment Center. Doc. [4]. Because plaintiff is currently housed in a psychiatric center, the Court will not assess a filing fee.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must

allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action on a Court-provided 'Prisoner Civil Rights Complaint' form pursuant to 42 U.S.C. § 1983. Doc. [1]. Plaintiff's allegations are against four employees of the Texas Department of Corrections: (1) Unknown Badger (Correctional Officer); (2) Unknown Dean (Correctional Officer); Unknown Sonnier (Correctional Office); and (4) Yolanda Barlow (Office Worker). All defendants are sued in their individual capacities.

Plaintiff alleges that he was incarcerated at the Gib Lewis Prison in Woodville, Texas, in 2020. He claims that he was given a twenty-four-month sentence and that the prison kept him an extra seventy-two (72) days over his sentence. Plaintiff seeks reimbursement of $100 per day for each day he was kept over his sentence.

## Discussion

"[T]here is a clearly established right to timely release from prison." *Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011)). And detention beyond an authorized term (or over-detention) constitutes a deprivation of a prisoner's due process rights actionable under 42 § 1983. *Id.*; *see also Douthit v. Jones*, 619 F.2d 527, 532 (5th Cir.1980). The Fifth Circuit explained in *Whirl v. Kern*, that "[w]hile not a surety for the legal correctness of a prisoner's commitment, [a jailer] is most certainly under an obligation, often statutory, to carry out the functions of his office. Those functions include not only the duty to protect a prisoner, but also the duty to effect [sic] his timely release." 407 F.2d 781, 792 (5th Cir.1969) (internal citations and footnote omitted). This obligation

was affirmed by the Fifth Circuit in *Bryan v. Jones*, 530 F.2d 1210, 1212-13 (5th Cir.1976) (en banc), a case in which a prisoner filed suit for damages under § 1983 for false imprisonment after he was held in prison for an additional month because the records were not updated to reflect his release notice.

Plaintiff's claims arise entirely from events that occurred during his incarceration in Gib Lewis Prison in Woodville, Texas, which is located in the United States District Court for the Eastern District of Texas, Tyler Division. *See* 28 U.S.C. § 124(c)(1). Under 28 U.S.C. § 1391(b), an action of this type may be brought only in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Because the events or omissions giving rise to plaintiff's claims occurred in the Eastern District of Texas, Tyler Division, venue is proper there. Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Here, the Court concludes that it is in the interest of justice to transfer this case to the United States District Court for the Eastern District of Texas, Tyler Division.

### Motion for Appointment of Counsel

Plaintiff has filed a motion to appoint counsel. Doc. [3]. In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed

in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. This case appears to involve straightforward factual and legal issues, and there is no indication that plaintiff cannot investigate the facts and present his claims to the Court. Plaintiff may, of course, renew his motion for appointment of counsel as the case progresses in the United States District Court for the Eastern District of Texas, Tyler Division.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis, Doc. [2], is **GRANTED**. Because plaintiff is a civil detainee, no filing fee shall be assessed.

**IT IS HEREBY ORDERED** that the Clerk of Court shall **TRANSFER** this case to the United States District Court for the Eastern District of Texas, Tyler Division. *See* 28 U.S.C. § 1406(a).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel, Doc. [3], is **DISMISSED** without prejudice.

Dated this 12th day of September, 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE